Tyler J. Anderson, ISB No. 6632
John C. Hughes, ISB No. 7606
Caitlin D. Kling, ISB No. 9565
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5275
Email: tanderson@hawleytroxell.com
        jhughes@hawleytroxell.com
        ckling@hawleytroxell.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STAR DIALYSIS, LLC; ORDUST DIALYSIS, LLC; ROUTT DIALYSIS, LLC; PANTHER DIALYSIS, LLC; DAVITA INC., <br><br>                 Plaintiffs, <br><br> vs. <br><br> WINCO FOODS EMPLOYEE BENEFIT PLAN; WINCO FOODS, LLC; and WINCO HOLDINGS, INC., <br><br>                 Defendants. | Case No. 1:18-cv-00482-EJL-CWD <br><br> DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ....................................................................................... 1

II.    ARGUMENT ............................................................................................. 1

    A.    DaVita Does Not Have Standing To Bring ERISA Claims............................ 1

    B.    DaVita Fails To State A Claim For Relief Under The MSPA
        (Count One). ................................................................................... 4

    C.    DaVita Fails To State A Claim For Injunctive Or Equitable Relief
        Under ERISA (Count Two). ............................................................. 6

    D.    DaVita Fails To Allege Sufficient Facts To State A Claim For
        Benefits (Count Three). ................................................................... 7

    E.    DaVita Fails To State A Claim For Equitable Relief (Count
        Four)............................................................................................... 8

    F.    DaVita Cannot State Claims Under State Law (Count Five). ........................ 9

III.    CONCLUSION.......................................................................................... 10

47568.0004.11703875.5

## I.      INTRODUCTION

This case is, and always has been, about DaVita's bottom line and profit.  Despite the blurred lines in DaVita's Response to Defendants' Motion to Dismiss (Dkt. #31), as compared to its Complaint (Dkt. #1), DaVita's claims are simple: as providers, they were not paid as much as they billed and desired to be paid.  As such, the heart of this case is a garden variety ERISA benefit claim, yet the Complaint and DaVita's Response are tangled together in an effort to circumvent well-established authorities limiting the causes of action relative to ERISA-covered plans (and those who may seek recovery).  It is DaVita's service charges that are unreasonable and discriminatory.  The Complaint and the Response do not overcome the arguments and authorities set forth in Defendants' opening brief, and thus the claims must be dismissed.

## II.      ARGUMENT

### A.      DaVita Does Not Have Standing To Bring ERISA Claims.

DaVita glosses over the fact that it lacks standing, and instead maintains that it holds valid assignments for Patients 1 through 6.  It is well settled that health care providers are not considered "beneficiaries" within the meaning of ERISA, and "a non-participant health care provider . . . cannot bring claims for benefits on its own behalf."  *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014), *cert. denied*, 136 S. Ct. 317 (2015).  Therefore, in order to bring a claim for benefits, health care providers must do so derivatively, relying on its patients' assignments of their benefit claims.  *Id.*

It is true that ERISA does not forbid assignments in certain cases.  However, where a plan contains an antiassignment clause, health care providers will lack derivative standing.  *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 876 (9th Cir. 2017).  Where there is an express antiassignment clause in a plan, ERISA welfare plan payments are not assignable.  *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1481 (9th Cir. 1991);

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS  - 1

*Reg'l Med. Ctr. of San Jose v. WH Adm'rs, Inc.*, 2017 WL 6513441, at *4 (N.D. Cal. 2017) (observing ample authority holding that antiassignment provisions are valid and enforceable).

This is precisely the situation in this case.  While DaVita attempts to argue that it has standing through these "valid" assignments, DaVita lacks derivative standing to sue under 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3) because the WinCo Holdings, Inc. Employee Benefit Plan Document and Summary Plan Description (the "WinCo Plan" or "Plan") contains an antiassignment provision that is clear on its face.  *See* Decl. of Nikki Hyer Ex. A at 74.  (Dkt. #20-2.)  Because the Plan contains an antiassignment clause, **DaVita's ERISA-based claims are not assignable**.  *See Davidowitz*, 946 F.2d at 1481 ("ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan").  Though DaVita contends the antiassignment clause is ambiguous, the provision is clear on its face that assignments shall not be recognized.  To save its claim from dismissal, DaVita jumps straight to arguing ambiguity, but skips the critical step of offering a reasonable interpretation of the antiassignment clause that conflicts with WinCo's reasonable interpretation of the unambiguous language.  Before arguing ambiguity, DaVita must come forward with a competing reasonable interpretation of the clause that creates an ambiguity.  DaVita fails to do so and, therefore, the antiassignment clause in the Plan overrides any purported assignments DaVita may hold.

Further, Defendants are not estopped from relying on the Plan's antiassignment clause. Under equitable estoppel, "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury."  *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955 (9th Cir. 2014).  Additionally, a plaintiff seeking equitable estoppel in the ERISA context must

meet additional requirements.  First, a party cannot maintain an estoppel claim in the ERISA context when recovery would contradict written plan provisions.  *Id*. at 955-56.  Second, an ERISA beneficiary must establish "extraordinary circumstances" to recover benefits under equitable estoppel.  *Id*. at 956 (citation omitted).

However, DaVita has not pled that Defendants made false representations with respect to the Plan or the antiassignment clause, or that Defendants concealed the antiassignment clause. Further, DaVita is attempting to maintain a recovery that is in contradiction with the written Plan provisions.  *Id*. at 955-56.  While DaVita attempts to rely on statements allegedly made by Defendants with respect to standing, any purported statements by Defendants will only amount to reasonable reliance where DaVita can show that the Plan documents were never made available to it.  *See Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, No. 2014 WL 6603761, at *17 (C.D. Cal. July 28, 2014) (Reasonable reliance on the administrator's statements concerning the assignability of rights under the plan will satisfy estoppel only so long as the plan was not furnished or made available to the provider).  DaVita has failed to plead such facts.

Moreover, DaVita has failed to plead facts sufficient to show that Defendants waived enforcement of the antiassignment clause; instead, DaVita relies solely on Defendants' alleged silence with respect to claim forms that purport to show DaVita's assignment.  *See* Response Br. at 18-19.  (Dkt. #31.)  "Waiver must be voluntary and [that] there must be a clear act showing the intent to waive the right to rely on the anti-assignment provision."  *Care First Surgical Ctr.*, 2014 WL 6603761, at *18.  Further, "routine processing of a claim form, issuing payment at the out-of-network rate, and summarily denying the informal appeal do not demonstrate 'an evident purpose to surrender' an objection to a provider's standing in a federal lawsuit."  *See Am.*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS  - 3

*Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 453–54 (3d Cir. 2018).  Mere silence is insufficient to manifest an intent to waive the antiassignment clause.

**B.     DaVita Fails To State A Claim For Relief Under The MSPA (Count One).**

DaVita spins a complicated web to explain its failure to offer any allegations in the Complaint sufficient to demonstrate that the MSPA applies as between these private parties. DaVita would have the Court believe that Congress intended the MSPA to be used as a mechanism to boost the profits of a private medical provider.  Tellingly, DaVita fails to offer authorities supporting that view, let alone any authority permitting a case to go forward without a concrete, particularized injury compensable under the MSPA.  Even the cases DaVita cites do not get past the motion to dismiss stage as a result of this failure.  *See, e.g., Nat'l Renal Alliance, LLC v. Blue Cross and Blue Shield of Ga., Inc.*, 598 F. Supp. 2d 1344 (N.D. Ga. 2009) (dismissing MSPA claim for failure to state a claim and holding that a "health plan's decision to lower reimbursement rates to its members for services received at an out-of-network facility" does not impact Medicare); *Parra v. PacifiCare of Ariz.*, 715 F.3d 1146, 1154 (9th Cir. 2013) (upholding motion to dismiss on appeal for failure to state a claim under the MSPA).

DaVita is now flummoxed to the point that it actually requests this Court to ***reject*** the central holding of *Bio-Med Applications of Tenn. v. Cent. Sts. Se. & Sw. Areas Health & Welfare Fund*, 656 F.3d. 277 (6th Cir. 2011) ("*Bio-Med of Tenn*."), which DaVita repeatedly cited in its Complaint as the basis for its MSPA claim.  In response to Defendants' motion to dismiss, DaVita now does an about-face and "respectfully submits that this Court should draw a different conclusion" from the *Bio-Med of Tenn*. holding.  *See* Response Br. at 10.  (Dkt. #31.)  To support its argument, DaVita offers one-sentence quotes from the CMS Manual and an inapposite Ninth Circuit decision.  *Id.*, citing *Parra*, 715 F.3d at 1154; CMS Manual Ch. 1 § 30.B.  Both cited authorities simply restate what is already in the plain text of the MSPA private action provision,

i.e., a private cause of action is available when a plan fails to provide for primary payment.  It is that failure, which then shifts the payment obligation to Medicare and makes Medicare "primary" and no longer "secondary."

There are no allegations in the Complaint that Defendants' actions have caused Medicare to become a primary payer.  There are no allegations in the Complaint that Medicare has paid anything.  In fact, the opposite is true, as DaVita affirmatively alleges that Defendants made and continue to make payments for services directly to DaVita.  *See* Compl. (Dkt. #1) at ¶¶ 6, 53 60.h, 60.k, 61.h., 61.k, 62.h, 63.h, 64.h and 65.h.  DaVita also alleges that the Plan "today covers dialysis."  *Id.* at ¶ 31.  A private cause of action only exists under the MSPA where the plan has failed to provide for payment, yet DaVita affirmatively alleges throughout the Complaint that the Plan continues to make payments for treatment rendered and that the Plan covers dialysis today.  Accordingly, even if this Court were to adopt a holding different from the Sixth Circuit's decision in *Bio-Med of Tenn*., DaVita affirmatively alleges facts that destroy its MSPA claim.  The truth is that Defendants continue to offer coverage for dialysis patients and the Plan issues payments to DaVita for such services.  Boiled down to its essence, this case presents a private dispute between Defendants and DaVita that in no way implicates the MSPA or a drain on the public fisc that led Congress to create a private right of action.

Whether or not DaVita is considered to be in-network or out-of-network is a red herring that has nothing to do with the absence of any allegations sufficient to invoke the MSPA.  In *Nat'l Renal Alliance*, a renal provider brought suit because Blue Cross cut its reimbursement for out-of-network dialysis to levels below the customer charges associated with such care, just as DaVita alleges in the Complaint.  598 F. Supp. 2d at 1349.  In granting Blue Cross' motion to dismiss, the district court held that a dispute between two private parties over rates of

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS  - 5

reimbursement did not impact Medicare and, therefore, the MSPA did not apply.  *Id.* at 1354.

Specifically, the Court stated "Plaintiff's proposed theory of damages is the difference between

the cost of the services and the rate of payment set by the provider.  This calculation, however,

has no impact on Medicare.  The damages provided for in the statue simply do not fit the

situation here."  *Id.* at 1355.  DaVita's proposed theory of damages is the higher rate it wishes to

charge as its UCR rate versus the lower rate the Plan is currently paying for dialysis services.

That calculation has no impact on Medicare.

**C.     DaVita Fails To State A Claim For Injunctive Or Equitable Relief Under ERISA
         (Count Two).**

Count Two alleges the existence of illegal plan terms under MSPA and ERISA, and seeks

equitable relief pursuant to 29 U.S.C. § 1132(a)(3).  Compl. at ¶¶ 86-90.  (Dkt. #1.)  As

explained in Defendants' opening brief: (1) equitable relief is not available under ERISA to

redress violations of statutes other than ERISA itself, and (2) the factual allegations of

discriminatory Plan terms, even if accepted as true, do not violate 29 U.S.C. § 1182(a)(1).

DaVita asserts that relief is available under Section 1132(a)(3) for MSPA violations per

*Bio-Med of Tenn.*, 656 F.3d 277.  *See* Response Br. at 5-6.  (Dkt. #31.)  However, *Bio-Med of*

*Tenn.* does not make any connection between an MSPA violation and the availability of

equitable relief under ERISA.  The ERISA claim at issue in *Bio-Med of Tenn.* was a benefit

claim under Section 1132(a)(1)(B).  *Id.* at 280.  In fact, the word "equitable" does not appear in

the *Bio-Med of Tenn.* decision, nor is there any citation to Section 1132(a)(3).  Additionally,

Section 1132(a)(3) is clear as providing remedies only for ERISA violations.

Regarding the alleged Section 1182(a)(1) violation, DaVita argues that its violation is a

question of fact.  *See* Response Br. at fn 6.  (Dkt. #31.)  The facts as alleged do not reveal a

violation as compared to the authorities discussed in Defendants' Memorandum at 20-23.

(Dkt. #20-1.)  A violation is not plausible given the alleged facts and the applicable authorities. As such, the claim relative to an alleged Section 1182(a)(1) violation should be dismissed.

**D.      DaVita Fails To Allege Sufficient Facts To State A Claim For Benefits (Count Three).**

The Complaint does not allege facts identifying breached Plan terms, those on whose behalf payment was insufficient, treatment dates at issue, location of the treatments, amounts paid for specific treatments, the amounts not paid for specific treatments, or the terms of the Plan that entitle DaVita to additional payments.  In short, DaVita fails to identify the promises made that were not fulfilled or benefits not delivered.  Instead, DaVita bluntly asserts it provided services to six individuals (and perhaps unidentified others) over time for which it is not satisfied with the payments.  Although DaVita identifies the Plan at issue, it offers no other details such as names, charges, dates of service, and most importantly, the Plan terms that were supposedly breached.  *See, e.g.*, *Polk Medical Center, Inc. v. Blue Cross and Blue Shield of Georgia, Inc.*, 2018 WL 624882, at *3 (N.D. Ga. Jan. 30, 2018).  The pleading is therefore insufficient.

Moreover, elimination of in-network coverage, even if true, does not mean that benefits remain owing per the Plan terms.  DaVita's desire to design (or redesign) the Plan is not actionable.  If DaVita is arguing that the Plan prohibits Defendants from making changes to the Plan design, such is unsupported by the law (which allows plan sponsors to make changes to their plan design) and by the Plan itself (*see* Plan at § 1.5 (page 6)).  *See, e.g.*, *Curtiss-Wright Corp. v. Schoonejongen*, 515 U.S. 73, 78 (1995).

The Plan states that dialysis is covered, and DaVita alleges the same.  The Plan states simply and clearly that dialysis treatment will be paid based either on an agreement between the provider and EthiCare (the Plan's dialysis administrator) or at the Plan's UCR reimbursement rate (the former labelled "In-Network," and the latter, "Out-of-Network").  *See* Hyer Decl.,

Ex. A at §§ 10.1 (page 25), 11.9.9.C.1 (page 33), and 12.10 (page 42).  (Dkt. #20-2.)  Although it is a common design, there is no requirement for any plan to provide in-network and out-of-network benefits.  DaVita was reimbursed at the UCR rate (defined at Plan § 26 (page 106)) in accordance with the Plan terms.  DaVita is not satisfied with the Plan terms, but such dissatisfaction is not actionable.  Finally, while the Complaint alleges that Patients 1 and 2 went through the Plan's appeal process and exhausted their remedies, the Complaint conspicuously does not make those allegations relative to Patients 3-6.  Instead, DaVita alleges it treated those patients and was paid, but fails to explain how the Plan terms were violated.

## E.      DaVita Fails To State A Claim For Equitable Relief (Count Four).

Aside from the ERISA-based equitable relief claim under Count Two, DaVita alleges entitlement to ERISA equitable relief under Count Four.  Equitable relief under ERISA is available to redress violations of ERISA or violations of Plan terms.  *See* 29 U.S.C. § 1132(a)(3).  No violation of ERISA is alleged, except with regard to Section 1182(a)(1) (the lacking violation of such is discussed above), and no identifiable Plan terms are alleged to have been violated.

In the event the Court is able to identify either of those allegations (i.e., potential ERISA or Plan term violations), the specific equitable doctrines are inapplicable.  As DaVita indicates, surcharge requires a loss resulting from a trustee's breach of duty or to prevent a trustee's unjust enrichment.  *See* Response Br. at 26.  (Dkt. #31.)  The Plan does not have a trust or trustee.  There are no allegations of a trustee's breach of duty or unjust enrichment.  There are vague allegations to the effect that the Plan terms were not adequately disclosed; however, DaVita seems well aware of those terms and their meaning is entirely clear.  *See* Hyer Decl., Ex. A at §§ 10.1 (page 25), 11.9.9.C.1 (page 33), and 12.10 (page 42).  (Dkt. #20-2.)  Also, notwithstanding the ruling in *CIGNA Corp. v. Amara*, 563 U.S. 421, 444 (2011), the law still requires that the relief sought be equitable, not legal, regardless of DaVita's label.  *See The*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS  - 8

*Depot, Inc. v. Caring for Montanans, Inc.*, 2019 WL 453485, at *10 (9th Cir. Feb. 6, 2019). DaVita improperly seeks to recover money damages under ERISA by calling it equitable relief.

DaVita cannot proceed under the doctrines of reformation and estoppel because there were no violations of ERISA or Plan terms, but also because there is no allegation of fraud (even accepting DaVita's described lower threshold of what that might mean), and because there is nothing extraordinary about a Plan paying for services in accordance with the Plan terms. DaVita states the Plan should be reformed to compensate providers at usual and customary rates. The Plan already says this; there is nothing to reform.  The Complaint is not at all clear in terms of what was not disclosed or misrepresented in the Plan.

Finally, Count Four is not plead in the alternative as contemplated by *Moyle v. Liberty Mutual Retirement Benefit Plan*, 823 F.3d 948, 962 (9th Cir. 2017).  Notwithstanding the ability in the Ninth Circuit for both causes of action to proceed at the same time (in the alternative) in some circumstances, this is an issue that should proceed as a benefit claim (if sufficient factual allegations are made at some point).  This is because the claim for equitable relief does not pass though the threshold of alleging an ERISA or Plan term violation.

**F.     DaVita Cannot State Claims Under State Law (Count Five).**

ERISA broadly preempts state law causes of action with few exceptions that are not present in this case.  *See Aetna Health v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 159 L.Ed.2d 312 (2004).  As such, the state law causes of action must be dismissed.

Preemption notwithstanding, DaVita's Complaint expresses dissatisfaction with being reimbursed at a lower rate for dialysis services.  Such dissatisfaction, however, is insufficient to meet the requirements of promissory estoppel and quantum meruit.  The Plan is not prohibited by law from taking steps to reduce its costs.  Further, there is nothing that requires the Plan to keep reimbursement rates at the same amount in perpetuity.  There is no allegation that Defendants

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS  - 9

intended that DaVita rely on mistaken facts or promises in the Plan provisions as amended. DaVita's allegations are, in essence, that the Plan was amended, and DaVita is dissatisfied with being reimbursed at a lower rate for dialysis services.  Without facts to support the allegations of reliance or some other implied contract contrary to the terms of the Plan, dissatisfaction with reimbursement rates does not amount to promissory estoppel or quantum meruit.

### III.    CONCLUSION

Defendants respectfully request the Court dismiss DaVita's Complaint in its entirety.

DATED THIS 15th day of February, 2019.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By: */s/ Tyler J. Anderson*
     Tyler J. Anderson, ISB No. 6632
     *Attorneys for Defendants*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS  - 10

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of February, 2019, I electronically filed the foregoing DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jay Gustavsen                                          gus@davisoncopple.com
**DAVISON, COPPLE, COPPLE & COPPLE**
199 N. Capitol Blvd., Ste. 600
Boise, ID 83702
T: (208) 342-3658 | F: (208) 386-9428
*Attorneys for Plaintiffs*

Peter K. Stris (*pro hac vice*)                        peter.stris@strismaher.com
Brendan S. Maher (*pro hac vice*)                      brendan.maher@strismaher.com
Rachana A. Pathak (*pro hac vice*)                     radha.pathak@strismaher.com
John Stokes (*pro hac vice*)                           john.stokes@strismaher.com
**STRIS & MAHER, LLP**
725 South Figueroa Street, Suite 1830
Los Angeles, CA 90017
T: (213) 995-6800 | F: (213) 261-0299
*Attorneys for Plaintiffs*

*/s/ Tyler J. Anderson*
Tyler J. Anderson

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS  - 11